Mr. Justice Clark,
concurring in the affirmance.
The Court goes much beyond the necessities of this case in laying down a new “equal population” principle for state legislative apportionment. This principle seems to be an offshoot of Gray v. Sanders, 372 U. S. 368, 381 (1963), i. e., “one person, one vote,” modified by the “nearly as is practicable” admonition of Wesberry v. Banders, 376 U. S. 1, 8 (1964).* Whether “nearly as is *720 practicable” means “one person, one vote” qualified by “approximately equal” or “some deviations” or by the impossibility of “mathematical nicety” is not clear from the majority’s use of these vague and meaningless phrases. But whatever the standard, the Court applies it to each house of the State Legislature.
It seems to me that all that the Court need say in this case is that each plan considered by the trial court is “a crazy quilt,” clearly revealing invidious discrimination in each house of the Legislature and therefore violative of the Equal Protection Clause. See my concurring opinion in Baker v. Carr, 369 U. S. 186, 253-258 (1962).
I, therefore, do not reach the question of the so-called “federal analogy.” But in my view, if one house of the State Legislature meets the population standard, representation in the other house might include some departure from it so as to take into account, on a rational basis, other factors in order to afford some representation to the various elements of the State. See my dissenting opinion in Lucas v. Forty-Fourth General Assembly of Colorado, post, p. 741, decided this date.
MR. Justice Stewart.
All of the parties have agreed with the District Court’s finding that legislative inaction for some 60 years in the face of growth and shifts in population has converted Alabama’s legislative apportionment plan enacted in 1901 into one completely lacking in rationality. Accordingly, for the reasons stated in my dissenting opinion in Lucas v. Forty-Fourth General Assembly of Colorado, post, p. 744, I would affirm the judgment of the District Court holding that this apportionment violated the Equal Protection Clause.
I also agree with the Court that it was proper for the District Court, in framing a remedy, to adhere as closely *721 as practicable to the apportionments approved by the representatives of the people of Alabama, and to afford the State of Alabama full opportunity, consistent with the requirements of the Federal Constitution, to devise its own system of legislative apportionment.

Incidentally, neither of these cases, upon which the Court bases its opinion, is apposite. Gray involved the use of Georgia's county unit rule in the election of United States Senators and Wesberry was a congressional apportionment case.